UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD BURDETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-4038-B |
| | § | |
| REMINGTON ARMS COMPANY, LLC | § | |
| and SPORTING GOODS PROPERTIES, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Remington Arms Company, LLC and Sporting Goods Properties, Inc.'s Motion for Summary Judgment (Doc. 7). For the following reasons, the Court **GRANTS** Defendants' Motion.

I.

BACKGROUND[1]

This is a products liability suit involving the accidental discharge of a Remington Model 700 rifle. Doc. 1, Compl. ¶ 22; Doc. 8, Defs.' Br. in Supp. of Mot. Summ. J. ¶ 1 [hereinafter Defs.' Br.]. Plaintiff Edward Burdett ("Burdett") alleges that he was sitting in a friend's pickup truck on December 29, 2013, during a hunting trip to a Wichita Falls, Texas ranch, when the rifle suddenly discharged, sending a bullet through his left foot. Doc. 1, Compl. ¶¶ 22–24, 31. As a result, Burdett

---

[1] The Court takes its factual account from the uncontested facts contained in the summary judgment record. Any contested fact is identified as the allegation of a particular party.

- 1 -

says he sustained "irreparable damage" and now has limited use of that foot. *Id.* ¶¶ 32–33.

Burdett has sued the rifle manufacturers—Defendants Remington Arms Company, LLC and Sporting Goods Properties, Inc. (collectively, "Defendants")[2]—on six counts: (1) strict products liability, *id.* ¶¶ 35–43; (2) strict liability for failure to warn, *id.* ¶¶ 44–49; (3) negligent design and manufacture, *id.* ¶¶ 50–53; (4) negligent failure to warn, *id.* ¶¶ 54–57, (5) deceptive trade practices under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), *id.* ¶¶ 58–74; and (6) strict products liability under a Georgia statute, O.C.G.A. § 51-1-11. *Id.* ¶¶ 75–81. Defendants moved for summary judgment on all of Burdett's claims, arguing that they are barred by Texas's limitations statute. Doc. 7, Defs.' Mot. Summ. J. Burdett responded, Doc. 11, Obj. [hereinafter Pl.'s Resp.], and Defendants replied. Doc. 16, Defs.' Reply. After obtaining leave of the Court, Burdett also filed a sur-reply. Doc. 20, Mot. for Leave to File Sur-Reply to Defs.' Mot. Summ. J.; Doc. 25, Electronic Order; Doc. 26. Pl.'s Sur-Reply. Defendants then responded to the sur-reply. Doc. 29, Defs.' Resp. to Pl.'s Sur-Reply. Defendants' Motion is now ready for review.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary judgment movant bears the burden of proving that no genuine issue of

---

[2] At some point, Remington Arms Company, Inc. changed its name to Sporting Goods Properties, Inc., according to Burdett. Doc. 1, Compl. ¶ 7.

material fact exists. *Latimer v. Smithkline & French Labs*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant ultimately bears the burden of proof at trial, however, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). But the non-movant must produce more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1076.

If a party fails to respond to a summary judgment motion, it is relegated to its unsworn pleadings, which are not summary judgment evidence. *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assoc.*, 929 F.2d 160, 165 (5th Cir. 1991)). While this does not permit the Court to enter a "default" summary judgment, it does allow it to accept the movant's evidence as undisputed. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see also Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (holding a party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports its claim).

## III.

## ANALYSIS

A. *The Tort and DTPA Claims*

The only issue Defendants raise in their Motion is whether a limitations statute bars Burdett's tort[3] and DTPA claims. To resolve this question, the Court must decide (1) which choice-of-law test to use, and (2) which state's laws to apply under that test.

1. Which Choice-of-law Test to Use

Defendants argue that Texas Civil Practice and Remedies Code § 71.031 ("section 71.031") supersedes the Restatement (Second) of Conflicts (the "Restatement") and is therefore the choice-of-law test this Court must use.[4] Doc. 16, Defs.' Reply 2–3. Burdett disagrees, contending that section 71.031 applies only in state, not federal, courts, and therefore the Restatement controls. Doc. 26, Pl.'s Sur-Reply 1–2.

Section 71.031 provides that:

> An action for damages for the death or personal injury of a citizen of this state . . . may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country,[5] if:

[3] These claims are for (1) strict products liability, Doc. 1, Compl. ¶¶ 35–43; (2) strict liability for failure to warn, *id.* ¶¶ 44–49; (3) negligent design and manufacture, *id.* ¶¶ 50–53; and (4) negligent failure to warn. *Id.* ¶¶ 54–57.

[4] Defendants did not discuss section 71.031 in their initial Motion, but instead assumed Texas's statute of repose governed and thus barred Burdett's claims. *See generally* Doc. 8, Defs.' Br. Burdett argued against this conclusion in his Response, contending instead that, because section 71.031 did not apply in federal court, the Restatement's "most significant relationship" test controlled. *See generally* Doc. 12, Pl.'s Resp. Accordingly, Defendants did not argue that section 71.031 applied until their Reply. *See generally* Doc. 16, Defs.' Reply.

[5] Burdett admits that the "wrongful act, neglect, or default"—meaning the manufacture and design of the rifle's defective component—took place in New York. *See* Doc. 12, Pl.'s Resp. ¶¶ 8–11.

> (1) a law of the foreign state or country or of this state gives a right to maintain an action for damages for the death or injury; [and]
>
> (2) the action is begun in this state within the time provided by the laws of this state for beginning the action; . . . .

Tex. Civ. Prac. & Rem. Code. § 71.031(a)(1)–(2). Defendants insist that this statute governs for two reasons. First, the Fifth Circuit in *Hyde v. Hoffman-La Roche, Inc.*, 511 F.3d 506 (5th Cir. 2007), concluded it was a choice-of-law provision, meaning it supersedes the Restatement and applies where appropriate. *Id.* at 511 ("While as a general proposition, Texas applies the 'most significant relationship' test in sections 6 and 145 of the Restatement (Second) of Conflict of Laws in determining what law applies in tort cases, *the Texas Legislature has enacted legislation to govern choice of law in some respects. Section 71.031 of the Texas Civil Practice and Remedies Code is such a codification.*" (emphasis added) (footnotes omitted)). Second, another judge in this district already decided that section 71.031 was the appropriate choice-of-law test to use in a nearly identical case. *See* Doc. 16, Defs.' Reply 10–11.

Burdett gives two reasons for why the Court need not use section 71.031. First, he argues that section 71.031 is not a choice-of-law provision at all, but rather part of Texas's "broad 'open-courts' mandate,"[6] Doc. 12, Pl.'s Resp. 2 (citing *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140 (1988) (parenthetical and internal citations omitted)), and an effort "to prevent forum shopping."[7] Doc. 26, Pl.'s Sur-Reply 4 (citing *Gilcrease v. Tesoro Petroleum Corp.*, 70 S.W.3d 265, 268–69 (Tex.App.–San

---

[6] Or at least that an earlier version of section 71.031 was part of such a mandate. Doc. 26, Sur-Reply. 2.

[7] Or at least that the 1997 Amendments were an attempt to prevent forum-shopping. *Id.* at 4.

Antonio 2001, pet. denied)). To support his construction of the statute, he highlights the fact that it provides for neither Texas's nor another state's limitations statute to govern exclusively. *See id.* at 4–5. Instead, he says that section 71.031 sometimes requires an action be brought within the time provided by both Texas's *and* the foreign state's respective limitations periods.[8] *See id.* (citing Tex. Civ. Prac. & Rem. Code § 71.031(a)(2)–(3)). Second, he argues that the *Hyde* Court "ignored the different effect that section 71.031 has on actions brought in federal court," as opposed to state court. *Id.* at 6 (quoting *Hyde*, 511 F.3d at 511 n.30).[9]

Defendants have the better argument. Section 71.031 applies here. First, the statute is, generally speaking, a choice-of-law provision. The Fifth Circuit has already reached this conclusion, *see Hyde,* 511 F.3d at 511, and this Court is not prepared to disturb it. *See also Owens Corning v. Carter*, 997 S.W.2d 560, 573 (Tex. 1999). Second, and contrary to Burdett's assertions otherwise, section 71.031 applies with equal force in Texas state courts *and* federal courts. In *Flaggert* v. *Remington Arms Co., LLC*, No. 3:14-CV-4554 (N.D. Tex. 2014), the plaintiff argued that "the Texas legislature . . . address[ed] and discuss[ed] courts of this state [in section 71.031], meaning [only] Texas state courts," and therefore the statute did not apply in federal courts. *See* Doc. 19, Supp. App. in Supp. of Defs.' Reply to Pl.'s Opp. to Defs.' Mot. Summ. J. 17: 3–8 [hereinafter Reply App.]. The court there rejected this argument, based—in part, at least—upon the *Erie* Doctrine: that "in

---

[8] This scenario occurs when the plaintiff is a resident of a foreign state. Tex. Civ. Prac. & Rem. Code § 71.031(a)(2)–(3).

[9] Defendants did file a response to Burdett's Sur-Reply, but, in it, merely reiterate the main points of their Reply: that the *Hyde* Court already concluded Section 71.031 was a choice-of-law provision, and that the *Flaggert* Court already found that Section 71.031 applied in a nearly-identical case. *See generally* Doc. 29, Defs.' Resp. to Pl.'s Sur-Reply.

diversity cases, a federal court must apply federal procedural rules and the substantive law of the forum state, including its conflict-of-law rules," and, because "[s]ection 71.03[1] is a statutory conflict-of-law rule," it applies in federal court. *Id.* at 18:8–12 (defendant's argument); *id.* at 18:18–22 ("The Court is of the view that there are two bases for the Court to conclude that Texas law applies here[,] . . .[the] [f]irst . . . [being section] 71.031, for the reasons . . . mentioned [above]."). The Court agrees with the *Flaggert* Court's analysis. Therefore, it finds that section 71.031 applies here, and it looks toward that statute to determine whether Texas or New York state law applies.

    2.    <u>Applying Section 71.031</u>

The Court must next determine whether section 71.031 requires it to apply Texas or New York law. Defendants argue that, because Burdett contends that the conduct that caused his injuries occurred in New York, section 71.031 requires this Court to apply Texas's statute of repose, which would bar Burdett's claims. Doc. 16, Defs.' Reply 10.

Burdett takes issue with this outcome, but argues in his Sur-Reply only that (1) section 71.031 does not apply, and (2) the three cases Defendants cite for support in their Reply are distinguishable. *See generally* Doc. 26, Pl.'s Sur-Reply. Because the Court already determined that section 71.031 does apply, it rejects Burdett's first argument. And because the three cases Burdett refers to were decided under the Restatement approach, not section 71.031, it rejects this argument, as well.

In any event, the Court believes that section 71.031 requires it to either apply *both* Texas and New York law or to apply Texas law alone. Under section 71.031, there are two possible scenarios:

a plaintiff is a Texas resident or a plaintiff is a resident of a foreign state. If the plaintiff is a Texas resident, he faces two requirements to bring suit: "(1) a law of the foreign state . . . or of [Texas] gives [him] a right to maintain an action for damages for the death or injury"; and "(2) the action is begun in [Texas] within the time provided by the laws of [Texas] for beginning the action." Tex. Civ. Prac. & Rem. Code. § 71.031(a)(1)–(2).[10] If the plaintiff is a resident of a foreign state, there is an additional requirement: the action must be "begun in [Texas] within the time provided by the laws of the foreign state . . . in which the wrongful act, neglect, or default took place." *Id.* § 71.031(a)(3).

Here, it is not clear whether Burdett is a resident of Texas or a foreign state, since he alleges both in his Complaint. *See* Doc. 1, Compl. ¶ 4 ("Plaintiff is a citizen of either the State of Texas or the State of Georgia . . . ."). If Burdett is a Texas resident, he would have to meet the first two requirements listed above, and so the Court would need only apply Texas law. If Burdett is a Georgia resident, he would have to meet the third requirement as well, and so the Court would need to apply *both* Texas and New York law. Therefore the Court analyzes the outcome under both scenarios, though for the reasons discussed *infra*, the outcome is the same under either approach.

    3.    Applying the Statutes of Limitations

        i.    *Burdett as a Texas resident*

If Burdett is a Texas resident, he would only have to meet subsection (1) and (2)'s requirements. Because there is no dispute over whether the laws of Texas or a foreign state provide a cause of action here, the only question is whether Burdett brought suit within the time required

---

[10] If one is a foreign national, "th[at] country [must] ha[ve] equal treaty rights with the United States on behalf of its citizens." *Id.* § 71.031(a)(4).

- 8 -

by Texas's statute of repose. That statute requires one to bring a products liability suit within fifteen years of the product's sale. *See* Tex. Civ. Prac. & Rem. Code § 16.012(b). According to Burdett, he bought the rifle in 1997 or 1998, *see* Doc. 1, Compl. ¶ 19, and filed suit on December 22, 2015. *See generally id.* Thus, he waited longer than fifteen years to bring his claims, and Texas's statute of repose bars his suit.

      *ii.*      *Burdett as a Georgia resident*

The outcome is the same if Burdett is a Georgia resident. In this scenario, Burdett must bring suit within the limitations statute for the foreign state in which the wrongful act or neglect took place, meaning New York. *See* Tex. Civ. Prac. & Rem. Code. § 71.031(a)(3). While he can meet this requirement—New York has no limitations statute for products liability suits, *see Fargas v. Cincinnati Machine, LLC*, 986 F. Supp. 2d 420 (S.D.N.Y. 2013) (noting that "[n]o statute of repose exists for product liability claims under New York law")—the first two requirements still apply. For the reasons just discussed, *see* Part III(A)(3)(i), he cannot meet them. Thus, even if Burdett is a Georgia resident, his claims are still barred under section 71.031.

Therefore, the Court **GRANTS** Defendants' Motion for Summary Judgment on Burdett's product liability and DTPA claims, and **DISMISSES** them.

B.    *Strict Products Liability under the O.C.G.A.*

Defendants also move to dismiss Burdett's strict products liability claim under a Georgia statute. First, they argue that there is no reason for the Court to apply a Georgia statute, given Burdett has alleged that: (1) he is a Texas resident, (2) the incident occurred in Texas, and (3) he bought the gun in Georgia, from a reseller, rather than Defendants. Doc. 8, Defs.' Br. 5–6. Second,

they say that, even if Georgia law did apply, the cited statute provides no cause of action. *Id.* at 6. (citing O.C.G.A. § 51-1-11(c)). Third, and finally, Defendants contend that Georgia's statue of repose for products liability claims is ten years, barring Burdett's claim. *Id.*

Burdett does not address his Georgia state law claim, or Defendants' argument about why it should be dismissed, in either his Response or Sur-Reply. *See generally* Doc. 12, Pl.'s Resp.; Doc. 26, Pl.'s Sur-Reply.

The Court agrees with Defendants for the first and third reasons offered.[11] There is no reason to apply Georgia law, and, even if there were, the statute makes clear that "[n]o action shall be commenced pursuant to this subsection with respect to an injury after ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury." Ga. Code Ann. § 51-1-11(b)(2). Because the rifle was first sold over ten years ago, *see* Doc. 1, Compl. ¶ 19, and because none of the statute's exceptions apply, *see* Ga. Code Ann. § 51-1-11(c), Burdett's Georgia law claim is barred, as well.

In light of the above, the Court **GRANTS** Defendants' Motion for Summary Judgment and **DISMISSES** Burdett's claim under Georgia law.

## IV.

## CONCLUSION

In light of the above, the Court **GRANTS** Defendants' Motion and **DISMISSES** all of Burdett's claims.

---

[11] The language Defendants cite to argue that the statute provides no cause of action does not appear in current version of the statute. *Compare* Doc. 8, Defs.' Br. 6, *with* Ga. Code Ann. § 51-1-11.

SO ORDERED.

SIGNED: July 13, 2016.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE